UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS, <br><br> Plaintiff, <br><br> vs. <br><br> JOE HANVEY, Physician Assistant at SDSP-Jameson, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections at South Dakota State, in her individual and official capacity; ALYSSA WELBIG, Nurse Practitioner at SDSP-Jameson, in her individual and official capacity; DAN SULLIVAN, Former Warden at SDSP-Jameson, in his individual and official capacity; ARAMARK CORRECTIONAL SERVICES, LLC, Contract Food Service Provider at SDSP-Jameson, in its individual and official capacity; SGT. STEVEN SWYGERT, Sgt. for SDSP/Jameson, in his individual and official capacity; RYAN HOWYE, Unit Coordinator at Jameson, in his individual and official capacity; TIMOTHY SCHNEIDER, Unit Manager at Jameson, in his individual and official capacity; MELISSA MATURAN, Administrative Remedy Coordinator at Jameson, in her individual and official capacity; TERESA BITTINGER, Warden at SDSP/Jameson, in her individual and official capacity; ANTHONY GRAHAM, Aramark Supervisor at Jameson, in his individual and official capacity; MARK, Aramark Supervisor at Jameson, in his individual and official capacity; IAN, Aramark Supervisor at Jameson, in his individual and official capacity; UNKNOWN DIETICIAN, Aramark Dietician for Jameson, in his or her individual and official capacity; C. IRIZARRY, Aramark Dietician, in his or her individual and official capacity; RAINY, Aramark Supervisor at Jameson, in his or her individual and official capacity; TODD IRVIN, Correctional Officer, in his individual and official capacity; CODY | 4:23-CV-04137-LLP <br><br><br> ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFF'S NAME WITH A PSEUDONYM |

| | |
|---|---|
| PAULSON, Correctional Officer, in his individual and official capacity; SUMMIT FOOD SERVICE, Food Service Provider at Jameson, in its individual and official capacity; JOHN TRIERWEILER, Summit District Manager, in his individual and official capacity; JESSICA WALDNER, Summit Dietician, in her individual and official capacity; TROY PONTO, Associate Warden, in his individual and official capacity; GASSON, Aramark Supervisor, in his or her individual and official capacity; and GRAY, Aramark Supervisor, in his or her individual and official capacity,<br><br>       Defendants. | |

On September 11, 2023, plaintiff Mark Anthony Christians filed a pro se civil rights lawsuit. Doc. 1. Christians paid the full civil complaint filing fee. He filed a motion to substitute his name with a pseudonym.[1] Doc. 9. Christians requests that "due to the sensitive nature of Count V in [his] complaint the plaintiff ask all reference to his true name be substituted with a pseudonym[.]" *Id.* He claims that the facts of Count V, if known to other South Dakota Department of Corrections (DOC) officials and other inmates, may subject him to future victimization. *Id.*

"Neither the Eighth Circuit nor the Supreme Court has provided guidance regarding when a court should allow a plaintiff to proceed under a pseudonym." *Doe v. Wash. Univ.*, 652 F. Supp. 3d 1043, at *1 (E.D. Mo. Jan. 20, 2023). "Proceeding under a pseudonym in federal courts is, by all accounts, an unusual procedure . . . . Nevertheless, in certain limited circumstances, courts do allow a party to proceed under a pseudonym . . . ." *Capers v. Amtrak*, 673 F. App'x 591, 592 (8th Cir. 2016) (per curiam) (alteration in original) (quoting *W.N.J. v. Yocom*, 257 F.3d

---

[1] Christians also has several other motions pending, which this Court will rule on in a separate order. *See* Docs. 4–8, 10.

1171, 1172 (10th Cir. 2001)). "There is a strong presumption against allowing parties to use a pseudonym." *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998) (collecting cases).

The Second Circuit Court of Appeals has analyzed a non-exclusive list of ten factors when determining whether a party may proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189–90 (2d Cir. 2008). For the reasons below, Christians's interest in proceeding under a pseudonym is not particularly strong. The factual nature of Christians's complaint does not warrant permitting him to proceed under a pseudonym.

Christians alleges facts relevant to factor (1) because he claims that Count V of his complaint involves matters of a sensitive nature. Doc. 9. He also alleges facts relevant to factors (2) and (3) because he claims that he may be subjected to future victimization if the facts described in Count V are known to other DOC officials and inmates. *Id.*

However, the other factors weigh in favor of denying Christians's motion to use a pseudonym. Under factor (5), Christians is suing employees of the State of South Dakota in their

3

official capacity. However, suing a government or challenging a government policy "does not, by itself, justify granting a motion to proceed anonymously[.]" *Plaintiffs #1–21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 275 (E.D.N.Y. 2015) (citation omitted). Christians has initiated two other ongoing lawsuits against employees of the State of South Dakota, in which he is not proceeding anonymously. *See Christians v. Young*, 4:20-CV-04083-LLP; *Christians v. Christensen*, 4:22-CV-04072-LLP.

Christians, as a forty-four year-old adult, has not shown that he is particularly vulnerable in light of his age under factor (4). *See Offender Locator*, S.D. Dep't of Corr., https://doc.sd.gov/adult/lookup/ (last visited May 3, 2024). Under factor (7), Christians's identity has not thus far been kept confidential. Christians filed his motion to substitute his name with a pseudonym over six months after he filed his initial complaint. Docs. 1, 9. All of Christians filings have included his full name and inmate number and have not been filed under seal. *See* Docs. 1, 4–10. This Court has issued an order with his full name prior to Christians filing his motion to substitute his name with a pseudonym. *See* Doc. 3. Although defendants have not yet been served, Christians's identity has not been kept confidential. Thus, under the relevant factors, Christians has not shown that it is necessary for him to proceed under a pseudonym.

Accordingly, it is ORDERED that Christians's motion to substitute plaintiff's name with a pseudonym, Doc. 9, is denied.

Dated this 8th day of May, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

4