UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOE HANVEY, Physician Assistant at SDSP-Jameson, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections at South Dakota State, in her official capacity; ALYSSA WELBIG, Nurse Practitioner at SDSP-Jameson, in her individual and official capacity; DAN SULLIVAN, Former Warden at SDSP-Jameson, in his individual capacity; SGT. STEVEN SWYGERT, Sgt. for SDSP/Jameson, in his individual and official capacity; TIMOTHY SCHNEIDER, Unit Manager at Jameson, in his individual and official capacity; MELISSA MATURAN, Administrative Remedy Coordinator at Jameson, in her individual and official capacity; TERESA BITTINGER, Warden at SDSP/Jameson, in her individual and official capacity; CIERRA REVOLORIO, Health Services Supervisor, in her individual and official capacity; SETH HUGHES, Captain at Jameson Annex, in his individual and official capacity; JEANNIE BERTSCH, Major at Jameson Annex, in her individual and official capacity; MARK RICHTER, Doctor at Jameson Annex, in his individual and official capacity; SHELBY BLACK, Nurse Practitioner at SDDOC, in her individual and official capacity; RYAN VANDERAA, Unit Manager at Jameson, in his individual and official capacity; PENNY LINDSAY, C.O. at Jameson, in her individual and official capacity; JOHN AND/OR JANE DOE(S), Executives for Summit Foods, in their individual and official capacities; TABITHA BENTING, Associate Warden at Jameson, in her individual and official capacity; RYAN | 4:23-CV-04137-LLP<br><br>ORDER DENYING PLAINTIFF'S VARIOUS MOTIONS |

| | |
|---|---|
| LANDON, Health Services Supervisor, in his individual and official capacity; JENNIFER JACKSON, Dietician for SDDOC, in her individual and official capacity; TAYLOR YOST, Unit Coordinator, in his or her individual and official capacity; AMBER PIRRAGLIA, Director of Prisons, in her individual and official capacity; and MIKE LEIDHOLT, Former Secretary of Corrections, in his individual capacity,<br><br>                    Defendants. | |

Plaintiff, Mark Anthony Christians, an inmate at the South Dakota State Penitentiary (SDSP) Jameson Annex, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Christians' complaint under 28 U.S.C. § 1915A, dismissing it in part. Doc. 24. Christians has several motions pending before this Court. *See* Docs. 8, 19, 20, 21, 22, 23.[1]

## I. Motion for Emergency Injunctive Relief for Mental Health (Doc. 8)

Christians filed a motion for emergency injunctive relief for mental health. Doc. 8. "[A] preliminary injunction is a provisional remedy designed to preserve the status quo until the case can be heard upon the merits." *Minn. Mining & Mfg. Co. v. Meter*, 385 F.2d 265, 273 (8th Cir. 1967) (quoting *Westinghouse Elec. Corp. v. Free Sewing Mach. Co.*, 256 F.2d 806, 808 (7th Cir. 1958)). "Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640

---

[1] Christians has also filed a motion for preliminary injunction, Doc. 16, which addresses concerns about his prescribed diet. He also filed a motion for preliminary injunction to allow access to the courts. Doc. 18. This Court will issue a separate order ruling on these motions after Christians executes service on defendants and defendants have answered or otherwise responded.

2

F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that "the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction." *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)).

In his motion for emergency injunctive relief, Christians requests that he be seen by an outside provider, Dr. Kristen Hanzlik, for treatment for his obsessive-compulsive disorder (OCD) and insomnia. Doc. 8 at 5–6. He further asks that this Court "please allow [Dr. Hanzlik] open range to properly prescribe Christians any and all medications she may deem proper to cure, address and/or benefit in the reduction" of his OCD and insomnia. *Id.* at 6 (capitalization in original omitted). If Dr. Hanzlik is not available, he requests to be seen by another experienced psychiatrist appointed by this Court or selected by Christians. *Id.* He also requests "rejection" of Nurse Julie Cox because of her alleged prior negligence. *Id.*

Christians' Eighth Amendment deliberate indifference claims related to his OCD and insomnia were dismissed without prejudice on screening. Doc. 24 at 40–43. His state-law negligence and medical malpractice claims were also dismissed without prejudice on screening. *Id.* at 52–54. While the remaining defendants have not yet been served, Christians' allegations in his motion for emergency injunctive relief are not related to the claims that survived screening. *See generally id.*; Doc. 8. Because any claims related to Christians' request for preliminary injunctive relief are dismissed, he cannot show that he is likely to succeed on the merits and is not entitled to preliminary injunctive relief. *See Alford v. Mohr*, 2018 U.S. Dist. LEXIS 2395, at *24–25 (S.D. Ohio Jan. 3, 2018) (recommending denial of motion for preliminary injunction when "[p]laintiff's allegations in his motion [for preliminary injunction] are unrelated to the merits of the claims presented in the second amended complaint that have survived initial

screening"), *adopted by* 2018 WL 2943225 (S.D. Ohio June 12, 2018); *Dataphase Sys., Inc.*, 640 F.2d at 113 (requiring moving party to show a likelihood of success on the merits). Thus, Christians' motion for emergency injunctive relief for mental health, Doc. 8, is denied.

## II.     Motion to Add Next of Kin to Plaintiff (Doc. 19)

Christians moves to add his niece as a next of kin to his lawsuit because he is concerned for his life due to past threats and improper diet. Doc. 19. Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Because Christians is alive and actively prosecuting his case, this Court need not add as a plaintiff a next of kin at this time. If the event of death of any party, this Court and the parties shall act in accordance with Federal Rule of Civil Procedure 25. Thus, Christians' motion to add next of kin to plaintiff, Doc. 19, is denied.

## III.    Motions to Amend Amended Complaint (Docs. 20, 21, 22, and 23)

Christians filed a motion for court leave to submit a fourth amended complaint. Doc. 20. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading" or motion. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Christians has already been granted leave to amend his complaint. Doc. 14 at 3. Because the opposing parties have not yet been served and have not given written consent, Christians may only amend with leave of court.

4

"A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (internal quotations omitted). Christians has filed three prior proposed amended complaints. *See* Doc. 5-1; Doc. 10-1; Doc. 12-1. He does not identify any reason why he could not have asserted these claims in his prior proposed amended complaints. His case has been pending for one year, *see* Doc. 1, and his complaint has still not been served on defendants because his multiple motions to amend caused delays in screening his complaint. Because Christians filed his fourth motion to amend, Doc. 20, before this Court issued its a screening order, Doc. 24, Christians' fourth motion to amend does not cure the deficiencies this Court identified upon screening. Because of Christians' repeated failure to cure deficiencies, this Court finds that it is not in the interest of justice to permit Christians to amend his complaint.

Further, Christians did not comply with the local rules in filing his fourth proposed amended complaint. *See* Doc. 20-1. While pro se complaints must be liberally construed, pro se plaintiffs must still follow the court's local rules. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (stating that pro se status does not entitle litigants to disregard Federal Rules of Civil Procedure or local rules). Under Local Rule 15.1, "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." At the time Christians' third motion to amend his complaint was granted, this Court indicated that a screening order analyzing his claims in his Amended Complaint, Doc. 15, in accordance with 28 U.S.C. § 1915A, was forthcoming. *See* Doc. 14 at 2 n.1. Christians filed his fourth motion to

5

amend his complaint, which indicates that he made changes to pages 2, 8-A, 8-B, 14-A, 14-B, 25, 28, 32-A, 32-B, 34-A, 34-B, 35, and 36. Doc. 20 at 1. But his fourth proposed amended complaint fails to comply with local rules because Christians did not include highlighting or underlining indicated the changes he made. *See generally* Doc. 20-1. For these reasons, Christians' fourth motion to amend his complaint, Doc. 20, is denied.

Christians also filed a Motion to Update Caption Names and Add Two Defendants With Court Leave. Doc. 21. Christians seeks to add defendants to the caption who he alleges claims against in his fourth proposed amended complaint. *Id.* Because his fourth motion to amend his complaint is denied, his request to update the caption to add defendants alleged in the fourth proposed amended complaint is denied as moot. To the extent that Christians moves to amend his amended complaint to add claims against two employees of Aramark, he has not complied with this Court's local rules to amend and has repeatedly failed to cure deficiencies. Thus, Christians' Motion to Update Caption Names and Add Two Defendants With Court Leave, Doc. 21, is denied.

Christians also filed two additional motions to amend: Motion to Add Claim Against Defendant With Additional Facts With Court Leave (Doc. 22) and Motion for Permission to Add Defendant to Existing Claim and Existing Claim to Existing Defendant (Doc. 23). These motions are also denied because of Christians' repeated failure to cure deficiencies and because Docs. 22 and 23 fail to comply with this Court's local rules. Also, an amended complaint cannot merely add to the original complaint. An amended complaint must stand alone because it supersedes the original complaint. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

Accordingly, it is ORDERED:

1. That Christians' motion for emergency injunctive relief for mental health, Doc. 8, is denied.

2. That Christians' Motion to Add Next of Kin to Plaintiff, Doc. 19, is denied.

3. That Christians' Motion for Permission to Submit Fourth Amended Complaint, Doc. 20, is denied.

4. That Christians' Motion to Update Caption Names and Add Two Defendants With Court Leave, Doc. 21, is denied.

5. That Christians' Motion to Add Claim Against Defendant With Additional Facts With Court Leave, Doc. 22, is denied.

6. That Christians' Motion for Permission to Add Defendant to Existing Claim and Existing Claim to Existing Defendant, Doc. 23, is denied.

DATED October 17, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK