UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOE HANVEY, Physician Assistant at SDSP-Jameson, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections at South Dakota State, in her official capacity; ALYSSA WELBIG, Nurse Practitioner at SDSP-Jameson, in her individual and official capacity; DAN SULLIVAN, Former Warden at SDSP-Jameson, in his individual capacity; SGT. STEVEN SWYGERT, Sgt. for SDSP/Jameson, in his individual and official capacity; TIMOTHY SCHNEIDER, Unit Manager at Jameson, in his individual and official capacity; MELISSA MATURAN, Administrative Remedy Coordinator at Jameson, in her individual and official capacity; TERESA BITTINGER, Warden at SDSP/Jameson, in her individual and official capacity; CIERRA REVOLORIO, Health Services Supervisor, in her individual and official capacity; SETH HUGHES, Captain at Jameson Annex, in his individual and official capacity; JEANNIE BERTSCH, Major at Jameson Annex, in her individual and official capacity; SHELBY BLACK, Nurse Practitioner at SDDOC, in her individual and official capacity; RYAN VANDERAA, Unit Manager at Jameson, in his individual and official capacity; PENNY LINDSAY, C.O. at Jameson, in her individual and official capacity; JOHN AND/OR JANE DOE(S), Executives for Summit Foods, in their individual and official capacities; TABITHA BENTING, Associate Warden at Jameson, in her individual and official capacity; RYAN LANDON, Health Services Supervisor, in his individual and official capacity; JENNIFER | 4:23-CV-04137-LLP<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF DENIAL OF MOTIONS FOR ASSISTANCE WITH SERVICE |

1

| |
|---|
| JACKSON, Dietician for SDDOC, in her individual and official capacity; TAYLOR YOST, Unit Coordinator, in his or her individual and official capacity; AMBER PIRRAGLIA, Director of Prisons, in her individual and official capacity; and MIKE LEIDHOLT, Former Secretary of Corrections, in his individual capacity, <br><br> Defendants. |

Plaintiff, Mark Anthony Christians, an inmate at the South Dakota State Penitentiary (SDSP) Jameson Annex, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Christians' complaint under 28 U.S.C. § 1915A, dismissing it in part. Doc. 24. Christian filed objections to this Court's screening order. *See* Doc. 32.

In his objections, Christians requests that this Court reconsider denial of his motions for assistance with service. *See id.* at 25. Christians previously filed three motions for assistance with service. Docs. 4, 6, 7. Under Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." This Court denied his motions for assistance with service because he was not entitled to serviced by United States Marshal Service and because he requested that this Court order parties who had not yet been served or appeared to produce information. Doc. 24 at 55–56.

In his objections, Christians cites to *LeGrand v. Carpenter*, 4:22-CV-04168-KES, 2023 WL 4547816 (D.S.D. July 14, 2023)—a case in which a plaintiff not proceeding in forma pauperis was granted assistance with service—as support for why this Court should grant him assistance with service. Doc. 32 at 25. However, other judges' decisions in other cases pending in the District of South Dakota are not binding on this Court. *See Intervarsity Christian*

*Fellowship/USA v. Univ. of Iowa*, 5 F.4th 855, 865–66 (8th Cir. 2021) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting *Camreta v. Greene*, 563 U.S. 692, 730 n.7 (2011)). This Court is free to exercise its discretion in determining whether assistance with service would be appropriate.

Christians has three pending cases before this Court: *Christians v. Hanvey*, 4:23-CV-04137-LLP; *Christians v. Christensen*, 4:22-CV-04072-LLP; and *Christians v. Young*, 4:20-CV-04083-LLP. Christians alleges overlapping claims in his pending cases. He frequently files motions that border on frivolous and requests that Court reconsider claims already dismissed, which use substantial court resources; this Court considers these factors in denying motions for assistance with service. Based on Christians' history before this Court, this Court exercises its discretion to decline Christians' request to reconsider. Further, Christians claims that he needed to make phone calls for service, *see* Doc. 26 at 1, but Christians has not attempted to serve Defendants himself or to obtain a waiver of service. *See also Spigelman v. Rardin*, 2024 U.S. Dist. LEXIS 81632, at *5–6 (D. Minn. May 3, 2024) (holding court is wary or becoming process server for prisoner litigants who have not demonstrated financial need and explaining that plaintiffs may execute service through waiver, which does not require assistance with service). Thus, Christians' request to reconsider denial of his motions for assistance with service, Doc. 32, is denied.

Thus, it is ORDERED that Christians' request to reconsider denial of his motions for assistance was service, Doc. 32, is denied.

DATED November 12th, 2024.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge