UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOE HANVEY, Physician Assistant at SDSP-Jameson, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections at South Dakota State, in her official capacity; ALYSSA WELBIG, Nurse Practitioner at SDSP-Jameson, in her individual and official capacity; DAN SULLIVAN, Former Warden at SDSP-Jameson, in his individual capacity; SGT. STEVEN SWYGERT, Sgt. for SDSP/Jameson, in his individual and official capacity; TIMOTHY SCHNEIDER, Unit Manager at Jameson, in his individual and official capacity; MELISSA MATURAN, Administrative Remedy Coordinator at Jameson, in her individual and official capacity; TERESA BITTINGER, Warden at SDSP/Jameson, in her individual and official capacity; CIERRA REVOLORIO, Health Services Supervisor, in her individual and official capacity; SETH HUGHES, Captain at Jameson Annex, in his individual and official capacity; JEANNIE BERTSCH, Major at Jameson Annex, in her individual and official capacity; SHELBY BLACK, Nurse Practitioner at SDDOC, in her individual and official capacity; RYAN VANDERAA, Unit Manager at Jameson, in his individual and official capacity; PENNY LINDSAY, C.O. at Jameson, in her individual and official capacity; JOHN AND/OR JANE DOE(S), Executives for Summit Foods, in their individual and official capacities; TABITHA BENTING, Associate Warden at Jameson, in her individual and official capacity; RYAN LANDON, Health Services Supervisor, in his individual and official capacity; JENNIFER | 4:23-CV-04137-LLP<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND AND DENYING PLAINTIFF'S MOTION TO STAY, RENEWED MOTION FOR SERVICE BY UNITED STATES MARSHALS SERVICE OR IN FORMA PAUPERIS STATUS, MOTION TO COMPEL, MOTION TO APPOINT COUNSEL, AND MOTION FOR PRELIMINARY INJUNCTION |

| | |
|---|---|
| JACKSON, Dietician for SDDOC, in her individual and official capacity; TAYLOR YOST, Unit Coordinator, in his or her individual and official capacity; AMBER PIRRAGLIA, Director of Prisons, in her individual and official capacity; and MIKE LEIDHOLT, Former Secretary of Corrections, in his individual capacity, <br><br> Defendants. | |

Plaintiff, Mark Anthony Christians, an inmate at the Mike Durfee State Prison (MDSP),[1] filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Christians' complaint under 28 U.S.C. § 1915A, dismissing it in part. Doc. 24. Christians filed a motion to extend the time to serve defendants or, in the alternative, a motion to stay the proceeding and a renewed motion for service by United States Marshals Service and for leave to proceed in forma pauperis. Doc. 42. He also filed a motion to compel, Doc. 41, and a motion to appoint counsel, Doc. 35.

## I. Motion for Extension of Time to Serve Defendants

Under Federal Rule of Civil Procedure 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . if a request is made, before the original time or its extension expires[.]" Christians requests that this Court extend his time to serve defendants because the South Dakota Department of Corrections (DOC) has confiscated his documents, including his complaint. Doc. 42 at 1. Because the Clerk's Office has mailed Christians a copy of his complaint at the MDSP, he should now (or soon) have the documents he needs to execute service. Thus, this Court finds that only a brief extension of time

---

[1] At the time Christians filed his complaint, he was incarcerated at the South Dakota State Penitentiary Jameson Annex. *See* Doc. 1. He has since been transferred to the MDSP. Doc. 39.

2

is appropriate. Therefore, Christians' Motion for Extension of Time to Serve Defendants, Doc. 42, is granted in part. Christians has until **January 31, 2024**, to execute service on defendants; failure to do so will result in the dismissal of Christians' complaint without prejudice under Federal Rule of Civil Procedure 4(m).

## II.     Motion to Stay

Christians requests that this Court stay his proceeding due to the interference by the DOC in confiscating his legal documents. Doc. 42 at 1. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v N Am Co*, 299 U.S. 248, 254 (1936)). "While the Court's inherent power to manage its docket places this decision within the Court's broad discretion, '[t]he proponent of a stay bears the burden of establishing its need.'" *KK Motors, Inc v Brunswick Corp.*, 1999 WL 246808, at *2 (D. Minn. Feb. 23, 1999) (alteration in original) (quoting *Clinton v Jones*, 520 U.S. 681, 708 (1997)). Because the Clerk's Office has sent Christians the documents he requires and his motion to extend his deadline for service has been granted, Christians has not shown that a stay would be needed at this time. Thus, Christians' motion to stay, Doc. 42, is denied.

## III.    Renewed Motion for Service by United States Marshals Service and for Leave to Proceed In Forma Pauperis

Christians previously moved for leave to proceed in forma pauperis, which this Court denied because Christians had already paid the full filing fee. Doc. 34 at 2–3. For the same reasons as explained in Doc. 34, Christians renewed motion for leave to proceed in forma pauperis, Doc. 42, is denied.

3

Christians previously moved for assistance with service, which this Court denied. Doc. 24 at 55–56. Christians filed a motion to reconsider this Court's denial, which this Court also denied. Doc. 37. Christians renews his request that this Court order service by the United States Marshals Service (USMS). Doc. 42 at 1. Under the Federal Rules of Civil Procedure Rule 4(c)(3), "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." *See also* Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment (noting that a court "retains discretion to appoint a process server on motion of a party. If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service."); *Yates v Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) ("Federal Rule of Civil Procedure 4(c)(3) does give the court discretion, '[a]t the plaintiff's request,' to order that service be made by a United States marshal, even when a plaintiff does not qualify to proceed in forma pauperis.").

The advisory committee notes to Rule 4 of the Federal Rules of Civil Procedure explain that amendments were made to Rule 4 to alleviate the burden on the USMS for serving summonses and complaints in private civil actions. The advisory committee notes also expressly state that courts should consider the risk of harm to private persons who would be attempting to execute service when deciding whether to grant assistance with service by USMS under Federal Rule of Civil Procedure 4(c). Fed. R. Civ. P. 4 notes to H.R. 7154 – Federal Rules of Civil Procedure Amendments Act of 1982 ("For example, a hostile defendant may have a history of injuring persons attempting to serve process. Federal judges undoubtedly will consider the risk of harm to private persons who would be making personal service when deciding whether to order

4

the Marshals Service to make service under Rule 4(c)[.]"). Christians has not shown that there is any concern of risk of harm to private persons who would be making personal service.

Christians also has not attempted to waive service or execute service through alternative means. Several courts have denied motions for service by USMS when the plaintiff has not attempted waiver of service or service through alternative means. *See Keeling v Wetzel*, 2019 U.S. Dist. LEXIS 35125 (M.D. Pa. Mar. 5, 2019) (denying inmate plaintiff's motion for service by USMS when plaintiff paid the full filing fee and had failed to make a showing of a substantial attempt toward service on his own or with assistance of family or friends); *Wood-Jimenez v Dep't of Motor Vehicles Nev*, 2024 WL 1343229, at *2 (D. Nev. Mar. 29, 2024) (citing 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983)) (holding that a plaintiff not proceeding in forma pauperis should only be granted service by USMS when really necessary and after plaintiff has first sought service by private means when feasible); *Calzada v Williamson*, 2023 U.S. Dist. LEXIS 91277, at *1–2 (D. Nev. May 23, 2023) (finding that the fact that a plaintiff was incarcerated was not alone enough to grant service by USMS); *Cathy v Palma*, 2023 WL 322495, at *2–3 (S.D. Cal. Jan. 19, 2023) (denying inmate plaintiff's motion for service by USMS when inmate has not shown why service is necessary or explained what attempts taken to serve defendants through alternative means before seeking assistance from USMS). *See also* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1090 (4th ed. 2024) ("However, before requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint. Requiring that the first attempt at service should be by another means was intended to reduce the burden on the federal marshals." (footnotes omitted)).

While this Court is aware of Christians' allegations that the DOC seized his documents, the Clerk's Office mailed him a copy of his complaint at the MDSP, and he has been granted an extension of time to serve the defendants. *See supra* at 2–3. This Court finds that in an instance such as this, where claims against twenty-two defendants survived § 1915A screening and waiver of service has not yet been attempted, that it would be more appropriate to extend the deadline for service and require Christians to first attempt to waive or execute service through alternative means according to the methods described in Federal Rule of Civil Procedure 4. Christians also claims that hiring a process server is not feasible because of the costs and contact logistics. Doc. 42 at 1. However, Christians had family members pay his filing fee. Doc. 38 at 1–2. Christians filed his prisoner trust account report, which indicated that he has sufficient funds to attempt to waive service via mail, or could have family or friends execute service in accordance with Rule 4(c)(2) of the Federal Rules of Civil Procedure. *See also Keeling*, 2019 U.S. Dist. LEXIS 35125, at *2 (denying motion for service by USMS because inmate plaintiff paid the full filing fee which shows he "had either the financial resources to retain a private process server or the assistance of family or friends who are not parties to the action"). Thus, for these reasons, Christians' Renewed Motion for Service by United States Marshals Service, Doc. 42, is denied.[2]

---

[2] Christians requests that service by the USMS be ordered at the DOC's expense. Doc. 42 at 1. Federal Rule of Civil Procedure 4(d)(2) provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (b) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Thus, Christians' request for ordering service at the USMS expense is premature because the DOC defendants have not yet refused to waive service after waiver was properly made in accordance with the requirements in Federal Rule of Civil Procedure 4(d)(1). To the extent that Christians files this request as a sanction for confiscating his legal documents, Christians has not cited any authority showing that he is

IV. **Motion to Compel**

Christians moves to compel the DOC officials to provide the contact information for the Americans with Disabilities Act agency coordinator. Doc. 41. Christians' motion to compel is premature. He has not yet served defendants, and the defendants have not yet answered or otherwise responded to the complaint. Thus, Christians' Motion to Compel, Doc. 41, is denied as premature.

V. **Motion for Appointment of Counsel**

Christians has filed a motion to appoint counsel. Doc. 35. Because he paid the full filing fee, Christians has not been granted leave to proceed in forma pauperis; thus, this Court cannot request an attorney to represent him under 28 U.S.C. § 1915(e)(1). Even if this Court could appoint counsel to Christians, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id* At this time, Christians' claims do not appear to be too complex, and Christians is able to investigate the facts and present his claims adequately at this time. For these reasons, Christians' Motion for Appointment of Counsel, Doc. 35, is denied.

VI. **Motion for Preliminary Injunction**

Christians filed a motion for preliminary injunction when he was incarcerated at the South Dakota State Penitentiary (SDSP). Doc. 18. "A preliminary injunction is an extraordinary

---

entitled to sanctions. Thus, his request for this Court to order service by the USMS at the DOC's expense is denied.

7

remedy[.]" *Roudachevski v. All-Am Care Ctrs , Inc* , 648 F.3d 701, 705 (8th Cir. 2011). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). When ruling on a motion for a preliminary injunction, the court considers "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys , Inc v C L Sys , Inc* , 640 F.2d 109, 113 (8th Cir. 1981) (en banc). However, an inmate's claims for injunctive relief are moot when he has been released or transferred from the institution and is no longer subject to those conditions. *Dulany v Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Martin v Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).[3]

In Christians' second motion for preliminary injunction, he requests return of his ink pens so that he can file documents with the Court in his pending cases. Doc. 18 at 1–2. However, the only access to the courts claims that survived § 1915A screening were against employees of the SDSP, which focused on access to a law library for legal research, delays in sending mail, and opened mail. Doc. 24 at 58 at 17–18, 30–32. Even if his current request for injunctive relief did relate to his claims alleged in his amended complaint, his motion for preliminary injunction is moot because he has been transferred and is no longer incarcerated at the SDSP. Doc. 39. Thus, Christians' motion for preliminary injunction, Doc. 18, is denied as moot.

---

[3] This Court in prior orders noted that it would wait until after defendants have been served and answered or otherwise responded before ruling on Christians' motions for preliminary injunction *See* Doc. 28 at 1 n.1; Doc. 34 at 2 n.1. Because Christians' request is now moot because of his transfer to the MDSP, this Court need not wait for defendants' response before denying Christians' motion for preliminary injunction. There is still pending Christians' other motion for preliminary injunction, Doc. 16.

Accordingly, it is ORDERED:

1. That Christians' Motion to Extend Time to Serve Defendants, Doc. 42, is granted in part. Christians has until **January 31, 2024**, to execute service on defendants; failure to do so will result in the dismissal of Christians' complaint without prejudice under Federal Rule of Civil Procedure 4(m).

2. That Christians' Motion to Stay, Doc. 42, is denied.

3. That Christians' Renewed Motion for Marshal Service and IFP, Doc. 42, is denied.

4. That Christians' Motion to Compel, Doc. 41, is denied.

5. That Christians' Motion for Appointment of Counsel, Doc. 35, is denied.

6. That Christians' Motion for Preliminary Injunction, Doc. 18, is denied.

DATED December 11, 2024.

ATTEST:
MATTHEW W. THELEN, CLERK

*Matthew Thelen*

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge