UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOE HANVEY, Physician Assistant at SDSP-Jameson, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections at South Dakota State, in her official capacity; ALYSSA WELBIG, Nurse Practitioner at SDSP-Jameson, in her individual and official capacity; DAN SULLIVAN, Former Warden at SDSP-Jameson, in his individual capacity; ARAMARK CORRECTIONAL SERVICES, LLC, Contract Food Service Provider at SDSP-Jameson, in its individual and official capacity; SGT. STEVEN SWYGERT, Sgt. for SDSP/Jameson, in his individual and official capacity; TIMOTHY SCHNEIDER, Unit Manager at Jameson, in his individual and official capacity; MELISSA MATURAN, Administrative Remedy Coordinator at Jameson, in her individual and official capacity; TERESA BITTINGER, Warden at SDSP/Jameson, in her individual and official capacity; CIERRA REVOLORIO, Health Services Supervisor, in her individual and official capacity; SETH HUGHES, Captain at Jameson Annex, in his individual and official capacity; JEANNIE BERTSCH, Major at Jameson Annex, in her individual and official capacity; SHELBY BLACK, Nurse Practitioner at SDDOC, in her individual and official capacity; RYAN VANDERAA, Unit Manager at Jameson, in his individual and official capacity; PENNY LINDSAY, C.O. at Jameson, in her individual and official capacity; JOHN AND/OR JANE DOE(S), Executives for Summit Foods, in their individual and official capacities; TABITHA BENTING, Associate Warden at Jameson, in her | 4:23-CV-04137-LLP<br><br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

|  |  |
|---|---|
| individual and official capacity; RYAN LANDON, Health Services Supervisor, in his individual and official capacity; JENNIFER JACKSON, Dietician for SDDOC, in her individual and official capacity; TAYLOR YOST, Unit Coordinator, in his or her individual and official capacity; AMBER PIRRAGLIA, Director of Prisons, in her individual and official capacity; and MIKE LEIDHOLT, Former Secretary of Corrections, in his individual capacity,<br><br>                    Defendants. |  |

Plaintiff, Mark Anthony Christians, an inmate at the Mike Durfee State Prison (MDSP),[1] filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Christians' complaint under 28 U.S.C. § 1915A, dismissing it in part. Doc. 24. Christians filed a motion for a preliminary injunction. Doc. 16. He also moves for an extension of his deadline to serve defendants under Federal Rule of Civil Procedure 4(m). Doc. 45.

I.      **Motion for Extension of Time to Serve Defendants**

Under Federal Rule of Civil Procedure 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . if a request is made, before the original time or its extension expires[.]" Christians claims that defendants and other South Dakota Department of Corrections staff have interfered with his ability to mail waivers of service. Doc. 45 at 1–3. Good cause appearing, this Court grants in part Christians' motion for extension of time to serve defendants. Doc. 45. Christians has until **March 2, 2025**, to execute service on defendants; failure to do so will result in the dismissal of Christians' complaint without prejudice under Federal Rule of Civil Procedure 4(m).

---

[1] At the time Christians filed his complaint, he was incarcerated at the South Dakota State Penitentiary Jameson Annex. *See* Doc. 1. He has since been transferred to the MDSP. Doc. 39.

Christians also raises concern that this Court will reject any waivers of service that he receives because the South Dakota Department of Corrections photocopies and shreds all mail, except legal mail from courts, attorneys, and South Dakota Secretary of Corrections Kellie Wasko. Doc. 45 at 2. This Court orders that in this case only Christians is permitted to file photocopies of executed waivers of service. To the extent that Christians requests any further relief, his request, Doc. 45, is denied.

## II.     Motion for Preliminary Injunction

Christians filed a motion for preliminary injunction when he was incarcerated at the South Dakota State Penitentiary. Doc. 16.[2] "A preliminary injunction is an extraordinary remedy[.]" *Roudachevski v All-Am Care Ctrs., Inc*, 648 F.3d 701, 705 (8th Cir. 2011). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). When ruling on a motion for a preliminary injunction, the court considers "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys, Inc v C L Sys., Inc*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). However, an inmate's claims for injunctive relief are moot when he has been released or transferred from the institution and is no longer subject to those conditions. *Dulany v.*

---

[2] This Court in prior orders noted that it would wait until after defendants have been served and answered or otherwise responded before ruling on Christians' motions for preliminary injunction. *See* Doc. 28 at 2 n.1; Doc. 34 at 2 n.1. Because of Christians' transfer to the MDSP, this Court need not wait for defendants' response before denying Christians' motion for a preliminary injunction.

3

*Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Martin v Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Christians claimed that the Department of Corrections was refusing to follow a doctor's order about his diet. Doc. 16 at 2. In Christians' motion for preliminary injunction, he requests that this Court order "at a <u>minimum</u> the doctor's orders on March 13, 2024 for a specific diet" be implemented by defendants. *Id.* (capitalization in original omitted). Christians has been transferred to the MDSP. Doc. 39. The Eighth Circuit has held that a plaintiff's claims for injunctive relief were not moot against a defendant, such as an employee of the state department of corrections, who still has control over the plaintiff and the ability to conduct future wrongs and constitutional violations against the plaintiff after the plaintiff's transfer. *Randolph v Rodgers*, 170 F.3d 850, 856–57 (8th Cir. 1999). Christians sued Kellie Wasko and Jennifer Jackson, who he alleges are employees of the South Dakota Department of Corrections. Christians also sued Aramark, which provides food services to the South Dakota State Penitentiary and the MDSP. However, Christians has not alleged that the failure to comply with dietary restrictions continued after his transfer to the MDSP. *See* Docs. 39, 40, 41, 42, 44, 45.

Further, this Court dismissed all of Christians' inadequate nutrition claims for injunctive relief during § 1915A screening. *See* Doc. 24 at 27–28 (dismissing all of Christians' claims for injunctive relief—except for his claims for injunctive relief under Count XIII for First Amendment retaliation against Defendants Ryan Vanderaa and Penny Lindsay—because he did not clarify what injunctive relief he sought). "The goal of a preliminary injunction is 'to preserve the status quo until the merits are determined.'" *Ng v Bd. of Regents of Univ. of Minn*, 64 F.4th 992, 998 (8th Cir. 2023) (quoting *Dataphase*, 640 F.2d at 113).

4

To the extent that Christians' motion for preliminary injunction could be construed as a motion to amend his complaint to request injunctive relief, his request is denied without prejudice. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading" or motion. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While pro se complaints must be liberally construed, pro se plaintiffs must still follow the court's local rules. *See Bennett v Dr. Pepper/Seven Up, Inc* , 295 F.3d 805, 808 (8th Cir. 2002) (stating that pro se status does not entitle litigants to disregard Federal Rules of Civil Procedure or local rules). Under Local Rule 15.1, "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." Christians did not submit a proposed amended complaint as required under Local Rule 15.1. Thus, Christians' request to amend his complaint to seek injunctive relief, Doc. 16, is denied without prejudice.

If Christians alleges that defendants continue to fail to follow his dietary restrictions at MDSP, and such behavior relates to the claims in Christians' amended complaint, then Christians can refile his motion for preliminary injunction after service. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").

Accordingly, it is ORDERED:

1. That Christians' Motion to Extend Time to Serve Defendants, Doc. 45, is granted in part. Christians has until **March 2, 2025**, to execute service on defendants; failure to

do so will result in the dismissal of Christians' complaint without prejudice under Federal Rule of Civil Procedure 4(m).

2. That Christians is permitted to file photocopies of executed waivers of service in this case only.

3. That any further relief Christians requests in his motion, Doc. 45, is denied.

4. That Christians' motion for a preliminary injunction, Doc. 16, is denied.

DATED January 8th, 2025.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

6