UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS, | 4:23-CV-04137-LLP |
| Plaintiff, | |
| vs. | ORDER ON PLAINTIFF'S PENDING MOTIONS AND REQUESTS |
| MICHAEL JOE HANVEY, Physician Assistant at SDSP-Jameson, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections at South Dakota State, in her official capacity; ALYSSA WELBIG, Nurse Practitioner at SDSP-Jameson, in her individual and official capacity; DAN SULLIVAN, Former Warden at SDSP-Jameson, in his individual capacity; ARAMARK CORRECTIONAL SERVICES, LLC, Contract Food Service Provider at SDSP-Jameson, in its individual and official capacity; SGT. STEVEN SWYGERT, Sgt. for SDSP/Jameson, in his individual and official capacity; TIMOTHY SCHNEIDER, Unit Manager at Jameson, in his individual and official capacity; MELISSA MATURAN, Administrative Remedy Coordinator at Jameson, in her individual and official capacity; TERESA BITTINGER, Warden at SDSP/Jameson, in her individual and official capacity; CIERRA REVOLORIO, Health Services Supervisor, in her individual and official capacity; SETH HUGHES, Captain at Jameson Annex, in his individual and official capacity; JEANNIE BERTSCH, Major at Jameson Annex, in her individual and official capacity; SHELBY BLACK, Nurse Practitioner at SDDOC, in her individual and official capacity; RYAN VANDERAA, Unit Manager at Jameson, in his individual and official capacity; PENNY LINDSAY, C.O. at Jameson, in her individual and official capacity; JOHN AND/OR JANE DOE(S), Executives for Summit Foods, in their individual and official capacities; TABITHA BENTING, Associate Warden at Jameson, in her | |

| | |
|---|---|
| individual and official capacity; RYAN LANDON, Health Services Supervisor, in his individual and official capacity; JENNIFER JACKSON, Dietician for SDDOC, in her individual and official capacity; TAYLOR YOST, Unit Coordinator, in his or her individual and official capacity; AMBER PIRRAGLIA, Director of Prisons, in her individual and official capacity; and MIKE LEIDHOLT, Former Secretary of Corrections, in his individual capacity, | |
| Defendants. | |

Plaintiff, Mark Anthony Christians, an inmate at the Mike Durfee State Prison (MDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. He filed an amended complaint, Doc. 15, and this Court screened his amended complaint, dismissing it in part, Doc. 24. This Court held that claims against Michael Joe Hanvey, Kellie Wasko, Alyssa Welbig, Dan Sullivan, Aramark Correctional Services, Steven Swygert, Timothy Schneider, Melissa Maturan, Teresa Bittinger, Tabitha Benting, Ryan Landon, Jennifer Jackson, Taylor Yost, Amber Pirraglia, Mike Lieidholt, Cierra Revolorio, Seth Hughes, Jeannie Bertsch, Shelby Black, Ryan Vanderaa, Penny Lindsay, and John and/or Jane Doe(s) survived screening under 28 U.S.C. § 1915A. Doc. 24 at 57–59. This Court ordered Christians to execute service on Defendants on or before March 2, 2025. Doc. 46. At this time, the only defendant who has answered is Aramark. Doc. 52. Christians filed several motions and requests that are pending before this Court. *See* Docs. 32, 44, 48, 55, 60.

**I.      Motion for Assisted Service (Doc. 55)**

When screening Christians' amended complaint, this Court ordered him to execute service on the defendants against whom his claims survived within ninety days from the date of the Court's screening order. Doc. 24 at 56–57, 60. This Court granted an extension of his

2

deadline for service until January 16, 2025, because Christians was moved between cells and prison staff allegedly confiscated his possessions, including pens, pencils, paper, legal work, mailings, evidence, documents, and draft pleadings. Doc. 34 at 4–5. Christians filed an objection requesting that this Court grant him assistance with service, but this Court denied his request because he had not attempted to serve defendants or seek waivers of service before seeking assistance from the United States Marshals Service. Doc. 37. This Court again extended Christians' deadline for service because Christians did not have access to his complaint for a brief time period. Doc. 43 at 2–3. This Court again extended Christians' deadline for service until March 2, 2025, because defendants allegedly interfered with his ability to mail waivers of service. Doc. 46 at 2–3.

On January 27, 2025, Christians mailed a notice of lawsuit, waiver of service of summons, a copy of the complaint, a document explaining the consequences of not waiving service, and a prepaid and preaddressed envelope to Jackson, Benting, Bertsch, Black, Hughes, Landon, Lindsay, Maturan, Miller, Pirraglia, Revolorio, Schneider, Vanderaa, Wasko, Welbig, and Yost. Doc. 55 at 1. Christians also paid an additional fee so that the packages contained a mandatory tracking number, but the South Dakota Department of Corrections officials did not send him the tracking information. *Id.*

Christians filed a motion for assistance with service which is dated on February 28, 2025, and received by the Court on March 5, 2025. *Id.* Under Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). When determining whether to grant assistance with service, courts typically look at whether there is a risk of danger to the process server and whether the plaintiff has attempted to waive service or

3

seek service through other means. Fed. R. Civ. P. 4 notes to H.R. 7154 - Federal Rules of Civil Procedure Amendments Act of 1982; 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1090 (4th ed. 2024). *See also* Doc. 43 at 3–6 (collecting cases).

Here, Christians has attempted to seek a waiver of service from defendants currently employed by the DOC. Doc. 55. Based on his account balance, he does not have sufficient funds to hire a process server for all defendants. Doc. 31. Thus, in these limited circumstances, this Court grants in part Christians' motion for assisted service (Doc. 55). This Court orders the Clerk of Court to send Christians' twenty-one copies of the summons forms and United States Marshals Service forms (USM 285). Christians shall return the completed summons and forms USM 285. The United States Marshals Service shall serve the completed summons, together with a copy of the amended complaint (Doc. 15) and this Court's screening order (Doc. 24), on Hanvey, Wasko, Welbig, Sullivan, Swygert, Schneider, Maturan, Bittinger, Benting, Landon, Jackson, Yost, Pirraglia, Lieidholt, Revolorio, Hughes, Bertsch, Black, Vanderaa, Lindsay, and John and/or Jane Doe(s). This Court will extend Christians' motion for deadline for service for **sixty (60) days from the date of this order**. Christians is on notice of this Court's intention to dismiss his claims against the respective defendant under Rule 4(m) if each defendant is not served within the deadline.[1]

Christians also requests that this Court order the South Dakota Department of Corrections (DOC) and the South Dakota Attorney General's Office to provide him with the contact information for two defendants who are no longer employed by the DOC: Swygert and Hanvey.

---

[1] Christians also requests that the service be paid for by defendants (Doc. 55 at 2), but he has not cited to any authority or included any argument about why this Court should order defendants to pay service expenses. Thus, this Court does not order that defendants pay the expenses of service at this time.

4

Doc. 55 at 2. He specifically requests the two defendants' last known addresses, telephone numbers, emergency contact information, social security numbers, and date of birth. *Id.* Because the State of South Dakota has not yet appeared on behalf of any defendants, this Court cannot order the DOC or attorney general's office to provide any contact information. Further, Christians' request seeks more information than necessary to execute service. Thus, Christians' motion for assisted service to provide the contact information for Swygert and Hanvey, Doc. 55, is denied in part without prejudice.

## II.  Motion for Retention of Legal Materials (Doc. 48)

Christians moves for an order permitting him to use a thumb drive to save and preserve his legal materials and to have the thumb drive in his possession at all times as well as a backup thumb drive to be kept in his quarters. Doc. 48. This Court liberally construes Christians' motion for retention of legal materials to be a motion for preliminary injunctive relief because of the alleged violation of his First Amendment right to access the courts.

The Eighth Circuit clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit has "observed that the 'likelihood of success on the merits is most significant.' " *Id.* (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012)).

"[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and

5

intractable problems of prison administration.' " *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.

1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Traditionally, federal

courts have adopted a broad hands-off attitude towards problems of prison administration."

*Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir.1996). It is not the role of federal courts to micro-

manage state prisons. *Klinger v. Dep't of Corr.*, 31 F.3d 727, 733 (8th Cir.1994).

> In his motion, Christians claims that the relief he seeks should be granted to prevent:
>
> o  Theft, lost, misplaced documents created by plaintiff
> o  Theft, lost, misplaced evidence obtained by plaintiff in his personal records and labeled as such
> o  Theft, lost, misplaced documents created by defendants, part of court record, and in plaintiff's possession
> o  Theft, lost, misplaced documents created by the Court, and in plaintiff's possession
> o  Theft, lost, misplaced notations and memorandums created by plaintiff
> o  Theft, lost, misplaced declarations of prisoners and others in plaintiff's possession
> o  Plaintiff sent to the SHU for false disciplinary actions without access to his legal materials or materials to create further documents, memorandums or notations
> o  Multiple facility and location transfers where legal materials are unavailable for weeks

Doc. 48 at 2 (citation modified).

This Court held that Christians' First Amendment access to the courts claims against

Schneider, Yost, Bertsch, and Hughes in their individual capacities for money damages and

official capacities for declaratory relief survived § 1915A screening. Doc. 24 at 31. Christians

has not established there is a relationship between injury alleged in his motion for preliminary

injunctive relief and the conduct asserted in the amended complaint. Christians' First

Amendment access-to-the-courts claims in the amended complaint involved access to a legal

library or legal assistant at the Jameson Annex, staff refusal to send his legal mail, staff opening

his legal mail without his permission, and staff removal of appeal instructions provided by the

Clerk of Court. Doc. 15 at 30–31. Christians requests injunctive relief to prevent confiscation of documents in his control, which differs from his claims alleged in his amended complaint.[2]

Further, Christians has not shown how the requested relief would preserve the status quo. This Court generally dismissed Christians' claims for injunctive relief. Doc. 24 at 27–28. Even if Christians' First Amendment access-to-the-courts claims for injunctive relief survived screening, the requested injunctive relief may be moot. Schneider, Yost, Bertsch, and Hughes are all appear to be employed at the South Dakota State Penitentiary (SDSP). Doc. 15 at 4, 7; Doc. 47-1 at 18. It also appears from his filings that his claims for access to the court stem from conduct occurring at the SDSP Jameson Annex, but Christians is now housed at the MDSP. *See* Doc. 15 at 1, 30–31. An inmate's claims for injunctive relief are moot when he has been released or transferred from the institution and is no longer subject to those conditions. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Thus, Christians' motion for retention of legal materials, Doc. 48, is denied.

## III.   Motion to Compel and Request for Forms (Doc. 44)

Christians claims that he needs to contact and collect sworn statements from six inmates who were last known to be housed at the South Dakota Jameson Annex, three inmates last known to be housed at the SDSP, and several inmates last known to be housed at the MDSP. Doc. 44 at 1. He requests a Court order requiring the DOC to allow him to have send secure legal mail to inmates at the Jameson Annex and SDSP. *Id.* He also requests that he be permitted to have a five-minute phone call with any inmate who does not respond to confirm receipt of legal mail. *Id.* at 2. He requests that he be permitted to have in-person interviews and document

---

[2] This Court notes that Christians has alleged a claim for confiscation of personal property in his cell, but he did not indicate that the property included legal papers. Doc. 15 at 34–35.

signings at the MDSP. *Id.* at 1–2. If he is not permitted to have in-person interviews at MDSP, he requests that mailings be increased to ten per prisoner. *Id.* at 2.

Christians styles his filing as a motion to compel defendants to allow him to contact prisoners to collect sworn declarations. *Id.* at 1. To the extent that Christians seeks court intervention because of a discovery dispute, his motion is premature.

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1); *see also* D.S.D. Civ. LR 37.1. If there is any particular discovery that Christians believes he needs and defendants will not provide, he may refile his motion to compel after defendants have been served, discovery has begun, and parties have met and conferred. However, Christians' motion to compel, Doc. 44, seeking court intervention in discovery is denied as premature.

To the extent that his motion could be construed as a motion for preliminary injunctive relief due to an alleged violation of his right to access the courts, his request is denied for the reasons his motion for retention of legal materials is denied. Further, the Supreme Court has identified substantial security concerns with inmate-to-inmate correspondence between inmates at different institutions. *Turner v. Safley*, 482 U.S. 78, 91 (1987). Christians also has not shown that he faces a threat of irreparable harm or that he is likely to succeed on the merits.

Christians also requests that he be provide with three civil complaint packets. Doc. 44-1. The Clerk's Office has already mailed three packets to Christians. *Id.* Thus, his request for three civil complaint packets (Doc. 44-1) is denied as moot.

8

## IV.    Objections to Court's Screening Order (Doc. 32)

Christians classifies his filing as objections, but he also requests reconsideration under

Federal Rules of Civil Procedure 59(e) and 60(a), (b)(1), (b)(2), and (b)(6). Doc. 32 at 1. He also

requests in the alternative that he be granted leave to amend his complaint to correct the

deficiencies. *Id.*

### A.    Request to Amend

To the extent that Christians' filing could be construed as a motion to amend his amended

complaint (Doc. 15), his request is denied. Under Federal Rule of Civil Procedure 15(a):

> A party may amend its pleading once as a matter of course no later than: (A) 21
> days after serving it, or (B) if the pleading is one to which a responsive pleading is
> required, 21 days after service of a responsive pleading or 21 days after service of
> a motion under Rule 12(b) , (e) , or (f) , whichever is earlier. In all other cases, a
> party may amend its pleading only with the opposing party's written consent or the
> court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1–2) (citation modified). Under Local Rule 15.1, "any party moving to

amend a pleading must attach a copy of the proposed amended pleading to its motion to amend

with the proposed changes highlighted or underlined so that they may be easily identified."

D.S.D. Civ. LR 15.1. An amended complaint must stand alone because it supersedes the original

complaint. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014)

(citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Christians' corrections

in his request are insufficient to stand alone as the operative pleading. Christians is not precluded

from filing a proper motion to amend that complies with Federal Rule of Civil Procedure 15(a)

and this Court's Local Rules, but his "Objection to Memorandum Opinion of 1915A Screening

and/or Request for Reconsideration and/or Leave to Amend Complaint to Correct Deficiencies"

9

does not meet the requirements to properly amend his complaint. This, his request to amend, Doc. 32, is denied without prejudice.[3]

## B.    Motion for Reconsideration

The Eighth Circuit Court of Appeals has traditionally "instructed courts to consider motions for reconsideration either under Rule 59(e) or Rule 60(b)." *See Moberly v. Midcontinent Commc'n*, Civ. 08-04120, 2010 WL 11681663, at *1 (D.S.D. Aug. 2, 2010) (citation modified).

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (citation modified). In *Hines v. Johnson*, this Court held that Rule 59(e) was not the proper avenue for plaintiff's motion for reconsideration because plaintiff was "not moving to alter or amend a judgment, but rather this Court's Screening Order." 4:19-CV-04108-LLP, 2022 WL 715809, at *3 (D.S.D. Mar. 10, 2022) (citation modified). Thus, because a final judgment has not been entered, this Court solely considers Christians' motion under Rule 60(b).

Rule 60(b) authorizes a court to relieve a party from a final judgment or order under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[3] To the extent that Christians seeks reconsideration of his fourth motion to amend his complaint, his request is denied because his misunderstanding or misinterpretation of the law is insufficient grounds to seek reconsideration. *Weimer v. Honda of Am. Mfg.*, 2008 U.S. Dist. LEXIS 122159, at *2 (S.D. Ohio June 23, 2008). However, Christians is not precluded from filing a proper motion to amend.

(2) newly discovered evidence that, with reasonable diligence, could not have
been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an
earlier judgment that has been reversed or vacated; or applying it prospectively is
no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

To the extent that Christians' restates or reiterates arguments made in his complaint, such

arguments are insufficient to warrant reconsideration under Rule 60(b). This Court will

separately analyze Christians claims that raise new arguments.

### 1.    Claims Against Summit, Trierweiler, and Waldner

In the screening order, this Court dismissed Christians' claims against Summit, Summit

District Manager John Trierweiler, and Summit Dietician Jessica Waldner as barred under res

judicata. Doc. 24 at 24–26. Christians claims that this Court erred in dismissing his claims

against Summit, Trierweiler, and Waldner from March through May of 2021 because he brought

inadequate nutrition claims against only the South Dakota Department of Corrections (DOC)

Defendants in his prior litigation for that time period, and his claims against Summit in the prior

lawsuit allegedly related to only a different time period.[4] Docket 32 at 2–4. In Christians prior

lawsuit (4:20-CV-04083-LLP), the second amended complaint was the operative pleading. 4:20-

---

[4] Christians also incorrectly states that this Court improperly dismissed claims against
Summit Defendants because his claims against Summit were no longer pending and he did not
have "two separate actions involving the same subject matter at the same time in the same court
and against the same defendants." Doc. 32 at 4 (citation modified) (quoting Doc. 24 at 23). But
this Court only dismissed claims against Young, Ponto, Fluke, Cook, Schieffer, Dreiske, and
Hughes as duplicative, not against Summit Defendants. Doc. 24 at 23.

11

CV-04083-LLP Doc. 83. The second amended complaint was dated November 23, 2021, and filed on November 29, 2021. *Id.*

As this Court noted in the screening order, the principle behind the doctrine of res judicata, or claim preclusion, is that "[f]inal judgment on the merits precludes relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action." *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982). Thus, even if Christians did not specifically sue Summit, Trierweiler, and Waldner for the 2021 times period, he did sue the DOC Defendants. *See generally* Doc. 83. Because Christians filed his second amended complaint in November 2021, his claims against Summit, Trierweiler, and Waldner *could have been brought* in the prior action. Christians has not alleged any facts showing that any of the alleged claims against Summit occurred after he filed his second amended complaint in his prior lawsuit. Thus, Christians' claims against Summit, Trierweiler, and Waldner for conduct occurring in March through May of 2021 are barred by res judicata, and this Court did not error in dismissing those claims during screening. This Court in its prior order did not bar claims for any time period against Summit; instead, it barred claims related to the conduct in his prior case that could have been brought when he filed his second amended complaint in November 2021. If Christians believes that any of the conduct alleged against Summit, Trierweiler, and Waldner occurred after that time period, he may file a motion to amend that complies with this Court's Local Rules and the Federal Rules of Civil Procedure, and this Court will consider such claims when a proper motion to amend is pending.

### 2. Claims for Injunctive Relief

Christians argues that this Court erred in dismissing his official capacity claims for injunctive relief because there is no obligation requiring specificity and he did not have notice of

12

this error when he filed his prior proposed amended complaints in this case. Doc. 32 at 5–6.
When ruling on a motion to strike, the District of Nebraska held that, "[i]f the plaintiff has a
specific request for equitable relief, it should be alleged, thereby affording the defendants notice
and the opportunity to respond. A general request for equitable relief should be stricken."
*Williams v. Cnty. of Scotts Bluff*, 2005 WL 3159661, at \*9 (D. Neb. Nov. 28, 2005). Further, as a
matter of standing, a plaintiff can only seek relief that could remedy the pleaded injury. *Pharm
Rsch. & Mfrs. of Am. v. Williams*, 64 F.4th 932, 940 (8th Cir. 2023) (citing *Sch. of the Ozarks,
Inc. v. Biden*, 41 F.4th 992, 1001 (8th Cir. 2022)).

This Court dismissed Christians' claims for injunctive relief without prejudice because he
did not specify his request for relief. Doc. 24 at 27–28. This Court did not bar Christians from
moving to amend his complaint to seek relief that the Court may grant, but this Court will not
consider at this time whether Christians has a basis to amend when he has not filed a motion with
a proposed amended complaint that complies with this Court's Local Rules and the Federal
Rules of Civil Procedure. Thus, Christians has not shown that this Court made a mistake of law
or that relief would be warranted under any other ground under Federal Rule of Civil Procedure
60(b).

### 3. General Amendments to Add Facts and Legal Issues

Christians generally seeks reconsideration of claims that were dismissed because he
alleged insufficient facts to meet all required elements of the claims: (1) First amendment access
to the courts and right to send and receive mail claims against Wasko and Bittinger; (2) Eighth
Amendment conditions of confinement claims for inadequate nutrition against Welbig, Wasko,

13

Bittinger, Jackson, Dr. Haynes, Bretsch, Benting,[5] and individual Aramark employees;
(3) Eighth Amendment deliberate indifference to serious medical needs claims for his footwear
against Bertsch; (4) Eighth Amendment deliberate indifference for serious medical needs for his
insomnia and Obsessive Compulsive Disorder[6]; (5) Fourteenth Amendment equal protection
claim for computer access; (6) Americans with Disabilities Act claims for intentional
discrimination, failure to provide reasonable accommodation, and retaliation; (7) Rehabilitation
Act claims; and (8) civil conspiracy claims under 42 U.S.C. §§ 1983 and 1985.

Here, Christians wishes to add facts that were available at the time he filed his amended
complaint or before the time permitted to file a motion Rule 59(b). *See* Fed. R. Civ. P. 60(b)(2)
(permitting reconsideration for new facts that were not discoverable at the time the pleading was
filed if too late to file a Rule 59(b) motion). A motion for reconsideration is not the proper
method to attempt to amend a complaint to include facts that were known at the time of filing the
pleading but not included in the prior filing. Because this Court's Local Rules do not permit
piecemeal litigation of claims, and Christians has not shown that this Court made a mistake of
fact or law, his motion for reconsideration is denied as to these claims. If Christians attempts to
move to amend his complaint, he must comply with this Court's Local Rules and the Federal
Rules of Civil Procedure.

---

[5] Christians also requests reconsideration for claims against Tinker. Doc. 32 at 9. But it
does not appear that Christians has named Tinker as a defendant in his amended complaint. *See*
Doc. 15 at 1–9.

[6] As to any legal arguments Christians raised related to the Eighth Amendment deliberate
indifference to serious medical needs claims, this Court has reconsidered, but this Court's ruling
remains the same.

### 4.    Oral Hearing

Christians requests that this Court have an oral hearing so that he can state his claims and correct the issues or have his questions answered by this Court. Doc. 32 at 29. This Court can ascertain Christians' arguments without an oral hearing. Christians appears to be requesting that this Court advise him on how to proceed with his claims, but a court cannot give legal advice to parties, including pro se parties. *Stills v. Simpson*, 2021 WL 694926, at \*2 (E.D. Mo. Feb. 23, 2021) (collecting cases). Thus, Christians' request for an oral hearing, Doc. 32, is denied.

### 5.    Clerical Mistake

In this Court's screening order, an Eighth Amendment deliberate indifference to serious medical needs claim against Liz Miller was not held to survive screening in the body of the order. Doc. 24 at 40–43. However, the ordered section included that Christians' Eighth Amendment deliberate indifference to serious medical needs claims against Miller in her individual capacity survived screening. *Id.* at 59. This was a clerical mistake. Under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Under Rule 60(a), this Court corrects the order section of the screening order to hold that Christians' Eighth Amendment deliberate indifference to serious medical needs claim against Miller in her individual capacity did not survive screening under 42 U.S.C. § 1915A.

In the body of this Court's screening order, the official capacity Eighth Amendment deliberate indifference for serious medical needs claims for declaratory relief against Welbig, Swygert, Hanvey, Schneider, Maturan, Bittinger, Black, Revolorio, Jackson, Pirraglia, Landon,

15

Vanderaa, and Benting survived screening.[7] Doc. 24 at 43. But the official capacity claims for declaratory relief were inadvertently excluded from the order section. *Id.* at 59. This Court corrects the clerical error and notes that the Eighth Amendment official capacity deliberate indifference to serious medical needs claims for declaratory relief against Welbig, Swygert, Hanvey, Schneider, Maturan, Bittinger, Black, Revolorio, Jackson, Pirraglia, Landon, Vanderaa, and Benting did survive screening.

**V.    Motion for Emergency and Preliminary Injunctive Relief (Doc. 60)**

Christians filed a motion for emergency and preliminary injunctive relief. Doc. 60. After Defendants are served, Defendants shall answer and respond to Christians' pending motion for preliminary injunction (Doc. 60) within **thirty (30) days from the date of service**.

**VI.    Conclusion**

Accordingly, it is ORDERED:

1.    That Christians' motion for assisted service, Doc. 55, is granted in part.

2.    That Christians' motion for assisted service to provide the contact information for Swygert and Hanvey, Doc. 55, is denied without prejudice.

3.    That the Clerk of Court shall send Christians' twenty-one copies of the summons forms and United States Marshals Service forms (USM 285). Christians shall return the completed summons and forms USM 285 **within thirty (30) days from the date of this order**.

4.    That the United States Marshals Service shall serve the completed summons, together with a copy of the amended complaint (Doc. 15), this Court's screening order (Doc. 24), and this order, on the unserved defendants against whom claims survived § 1915A screening: Hanvey, Wasko, Welbig, Sullivan, Swygert, Schneider, Maturan, Bittinger, Benting, Landon, Jackson, Yost, Pirraglia, Lieidholt, Revolorio, Hughes, Bertsch, Black, Vanderaa, Lindsay, and John and/or Jane Doe(s).

---

[7] Eighth Amendment deliberate indifference to serious medical needs claims against Dr. Richter and Sullivan in their individual capacities for money damages and their official capacities for declaratory relief also survived screening. Doc. 24 at 43. But Christians voluntarily dismissed those claims. Doc. 34 at 5–6.

5.      That Christians' motion for deadline for service is extend for **sixty (60) days from the date of this order**. Christians is on notice of this Court's intention to dismiss his claims without prejudice against the respective defendant under Rule 4(m) if each defendant is not served within the deadline unless he can show good cause for their failure to be served.

6.      That Christians' motion for retention of legal materials, Doc. 48, is denied.

7.      That Christians' motion to compel, Doc. 44, is denied.

8.      That Christians' request for forms, Doc. 44-1, is denied as moot.

9.      That Christians' motion for reconsideration, Doc. 32, is denied.

10.     This Court corrects under Rule 60(a) the clerical error in the screening order. Miller's name was mistakenly included in the summary at the end of the order, and the Court correctly held in the body that the Eighth Amendment deliberate indifference to serious medical needs claim against Miller did not survive § 1915A screening.

11.     This Court corrects under Rule 60(a) the clerical error in the screening order. This Court correctly held in the body of the order that the official capacity Eighth Amendment deliberate indifference to serious medical needs claims against Welbig, Swygert, Hanvey, Schneider, Maturan, Bittinger, Black, Revolorio, Jackson, Pirraglia, Landon, Vanderaa, and Benting for declaratory relief survived screening, and these claims were inadvertently excluded from the order.

12.     That the Defendants shall answer and respond to Christians' pending motion for preliminary injunction (Doc. 60) within **thirty (30) days from the date of service**.

DATED this _____ day of July, 2025.

BY THE COURT:

_____

LAWRENCE L. PIERSOL
United States District Judge

17