UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOE HANVEY, Physician Assistant at SDSP-Jameson, in his individual and official capacity; KELLIE WASKO, Secretary of Corrections at South Dakota State, in her official capacity; ALYSSA WELBIG, Nurse Practitioner at SDSP-Jameson, in her individual and official capacity; DAN SULLIVAN, Former Warden at SDSP-Jameson, in his individual capacity; ARAMARK CORRECTIONAL SERVICES, LLC, Contract Food Service Provider at SDSP-Jameson, in its individual and official capacity; SGT. STEVEN SWYGERT, Sgt. for SDSP/Jameson, in his individual and official capacity; TIMOTHY SCHNEIDER, Unit Manager at Jameson, in his individual and official capacity; MELISSA MATURAN, Administrative Remedy Coordinator at Jameson, in her individual and official capacity; TERESA BITTINGER, Warden at SDSP/Jameson, in her individual and official capacity; CIERRA REVOLORIO, Health Services Supervisor, in her individual and official capacity; SETH HUGHES, Captain at Jameson Annex, in his individual and official capacity; JEANNIE BERTSCH, Major at Jameson Annex, in her individual and official capacity; SHELBY BLACK, Nurse Practitioner at SDDOC, in her individual and official capacity; RYAN | 4:23-CV-04137-CCT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

| | |
|---|---|
| VANDERAA, Unit Manager at Jameson, in his individual and official capacity; PENNY LINDSAY, C.O. at Jameson, in her individual and official capacity; JOHN AND/OR JANE DOE(S), Executives for Summit Foods, in their individual and official capacities; TABITHA BENTING, Associate Warden at Jameson, in her individual and official capacity; RYAN LANDON, Health Services Supervisor, in his individual and official capacity; JENNIFER JACKSON, Dietician for SDDOC, in her individual and official capacity; TAYLOR YOST, Unit Coordinator, in his or her individual and official capacity; AMBER PIRRAGLIA, Director of Prisons, in her individual and official capacity; and MIKE LEIDHOLT, Former Secretary of Corrections, in his individual capacity,<br><br>                    Defendants. | |

Plaintiff, Mark Anthony Christians, an inmate in the custody of the South Dakota Department of Corrections, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. When Christians commenced this lawsuit, he did not move for leave to proceed in forma pauperis; he paid the full civil filing fee. Christians filed an amended complaint, Docket 15, and the Court screened his amended complaint under 28 U.S.C. § 1915A, dismissing it in part, Docket 24. Christians' claims against Michael Joe Hanvey, Kellie Wasko, Alyssa Welbig, Dan Sullivan, Aramark Correctional Services, Steven Swygert, Timothy Schneider, Melissa Maturan, Teresa Bittinger, Tabitha Benting, Ryan Landon, Jennifer Jackson, Taylor Yost, Amber Pirraglia, Mike Lieidholt, Cierra Revolorio, Seth Hughes, Jeannie Bertsch, Shelby Black, Ryan Vanderaa, Penny

2

Lindsay, and John and/or Jane Doe(s) survived screening under 28 U.S.C. § 1915A. *Id.* at 57–59. The Court's 1915A screening order was entered on September 19, 2024. Docket 24. More than a year later, on November 5, 2025,[1] Christians filed a notice of appeal of to the Eighth Circuit from the Court's 1915A screening order. Docket 92 at 2–3.

Christians objected to the 1915A Screening Order and requested reconsideration under Federal Rules of Civil Procedure 59(e) and 60(a), (b)(1), (b)(2). Docket 32. The Court denied Christians' motion to reconsider by order dated July 24, 2025. Docket 62. In his notice of appeal, Christians also appeals from the July 24, 2025 order denying his motion to reconsider. Docket 92 at 2–3; Docket 92-1.

Christians moves for leave to proceed in forma pauperis on appeal. Docket 93. Christians submitted an incomplete prisoner trust account report. Docket 94. None of the required information, other than his name and identification number, is included. *Id.* Christians contends that he "is having difficulty working with staff to obtain the proper signatures with six months worth of statements." Docket 95 at 1 (capitalization in original omitted). Christians moves for an order compelling the South Dakota Department of Corrections (SDDOC)[2] to provide the necessary financial information to

---

[1] Christians' notice of appeal includes a Declaration of Deposition stating that he deposited the notice of appeal in the institution's internal legal mail system on August 20, 2025. Docket 92 at 1.
[2] Christians' claims against all the SDDOC defendants were dismissed without prejudice under Rule 4(m). Docket 82. Aramark Correctional Services, LLC is the only remaining defendant. Aramark completed and executed a Waiver of Service of

3

complete his prisoner trust account report form. *Id.* In his motion, Christians notes that in other cases in the District of South Dakota, the Court has ordered the SDDOC to provide to Christians a certified prisoner trust account report form and copies of his last six months of financial statements or demonstrate good cause for their failure to do so. *Christians v. Young*, 4:20-CV-04083-LLP, Docket 405 at 3 (D.S.D. May 15, 2025); *Christians v. Christensen*, 4:22-CV-04072-LLP, Docket 121 at 2–3 (D.S.D. May 15, 2025). But Christians does not acknowledge that the Court previously ordered the SDDOC to provide a complete, certified prisoner trust account form and copies of the last six months of financial information because Christian had provided specific evidence detailing his unsuccessful efforts to obtain a certified prisoner trust account form and supporting financial statements without Court intervention. *See Christians v. Young*, 4:20-CV-04083-LLP, Dockets 402, 402-1, 403; *Christians v. Christensen*, 4:22-CV-04072-LLP, Dockets 117, 117-2, 118.

In support of his pending motion, Christians provides no evidence that he has attempted without success to obtain a certified prisoner trust account form and supporting financial statements without Court intervention. *See* Dockets 95, 96. Christians alleges that he has been subjected to retaliation since 2018, which, if true, is a serious allegation. *See* Docket 95. But because Christians has provided no supporting evidence that he has attempted without success to obtain a certified prisoner trust account form and supporting

---

Summons. *See* Docket 59 at 2. Aramark has answered, Docket 52, and the Court has issued a Rule 16 Scheduling Order, Docket 83.

4

financial statements, Christians' motion to compel production of financial information for prisoner trust account report, Docket 95, is denied. Christians' assertion that he is currently in the segregated housing unit due to attempts to have documents notarized and to submit a prisoner trust account report, in the absence of specific, detailed evidence like he provided in support of his previous motions, is speculative and insufficient to warrant Court intervention.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[T]he assessment of appellate filing fees occurs upon the filing of a notice of appeal . . . and fixes responsibility for payment sooner rather than later of the fees in full." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam). "Irrespective of the court's approach to the merits of the appeal, the prisoner's liability for the full payment of the appellate filing fees under the PLRA continues until full payment has been made which may be long after . . . dispos[al] of the appeal." *Id.* Thus, regardless of whether the Court grants Christians' motion to proceed in forma pauperis on appeal, Christians must pay the full $605 appellate filing fee.

"[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Id.* When Christians commenced this action, he paid the full civil filing fee and did not move to proceed in forma pauperis. But Christians has filed a certified prisoner trust account report in this case in

5

support of his request that the Court assist him in serving the numerous defendants. *See* Docket 31. As recently as May 21, 2025, Christians filed a certified prisoner trust account report in *Christians v. Christensen*, 4:22-CV-04072-LLP, Docket 122 (D.S.D.). Neither of these certified prisoner trust account reports indicate that Christians has sufficient funds to pay the full $605 appellate filing fee. Accordingly, the Court grants Christians' motion for leave to proceed in forma pauperis on appeal, Docket 92, to permit Christians to pay the appellate filing fee over a period of time under an installment plan.

In *Henderson*, the United States Court of Appeals for the Eighth Circuit outlined "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. *Id.* First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A)   the average monthly deposits to the prisoner's account; or
>
> (B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1)

Although Christians' notice of appeal may be premature because no final judgment has been entered, it appears that the appeal is taken in good faith.

6

After reviewing the available certified prisoner trust account reports, the provisions of § 1915(b)(4) do not apply. The most recent prisoner trust account report available to the Court shows an average monthly deposit of $129.58 and an average monthly balance of $365.00. *Christians,* 4:22-CV-04072-LLP, Docket 122. Christians must pay an initial partial filing fee of $73.00 (20 percent of his average monthly balance). Christians must pay the initial partial filing fee of **$73.00 by February 14, 2026**.

    Thus, it is ORDERED:

1. That Christians' motion to compel SDDOC for financial information, Docket 95, is denied.

2. That Christians' motion for leave to proceed in forma pauperis on appeal, Docket 93, is granted. Christians must pay an initial partial filing fee in the amount of **$73.00 by February 17, 2026**, made payable to the Clerk, U.S. District Court.

3. That the Clerk of Court will send a copy of this Order to the appropriate financial officer at Christians' institution.

4. That the institution having custody of Christians is directed that whenever the amount in Christians' trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Christians' trust account shall be forwarded to

the United State District Court Clerk's Office under 28 U.S.C.

§ 1915(b)(2), until the $605 appellate filing fee is paid in full.

Dated January 14, 2026.

                              BY THE COURT:

                              /s/ *Camela C. Theeler*
                              CAMELA C. THEELER
                              UNITED STATES DISTRICT JUDGE