UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY CHRISTIANS,<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK CORRECTIONAL SERVICES, LLC, Contract Food Service Provider at SDSP-Jameson, in its individual and official capacity,<br><br>Defendant. | 4:23-CV-04137-CCT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR FINAL JUDGMENT AND MOTION TO PERPETUATE TESTIMONY PENDING APPEAL** |

Plaintiff, Mark Anthony Christians, an inmate in the custody of the South Dakota Department of Corrections (SDDOC), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. When Christians commenced this lawsuit, he did not move for leave to proceed in forma pauperis; he paid the full civil filing fee. Christians filed an amended complaint, Docket 15, and the Court screened his amended complaint under 28 U.S.C. § 1915A, dismissing it in part, Docket 24. Christians' claims against Michael Joe Hanvey, Kellie Wasko, Alyssa Welbig, Dan Sullivan, Aramark Correctional Services, LLC, Steven Swygert, Timothy Schneider, Melissa Maturan, Teresa Bittinger, Tabitha Benting, Ryan Landon, Jennifer Jackson, Taylor Yost, Amber Pirraglia, Mike Leidholt, Cierra Revolorio, Seth Hughes, Jeannie Bertsch, Shelby Black, Ryan Vanderaa, Penny Lindsay, and John and/or Jane Doe(s) survived screening under 28 U.S.C. § 1915A. *Id.* at 57–59. Christians objected to the § 1915A

Screening Order and requested reconsideration under Federal Rules of Civil Procedure 59(e) and 60(a), (b)(1), (b)(2), and (b)(6). Docket 32. The Court denied Christians' motion to reconsider by order dated July 24, 2025. Docket 62. On November 5, 2025,[1] Christians filed a notice of appeal to the Eighth Circuit from the Court's § 1915A screening order. Docket 92 at 2–3. The Eighth Circuit dismissed this appeal for lack of jurisdiction. Docket 111.

Aramark Correctional Services, LLC (Aramark) is the only surviving defendant that has been served and appeared. Docket 52; Docket 59 at 2. Christians' claims against the other defendants who remained after screening were dismissed without prejudice under Federal Rule of Civil Procedure 4(m). Docket 82.[2] After the Rule 4(m) dismissal, Christians filed a "Motion for Reversing SDDOC Defendants' Dismissal by Showing of Good Cause[.]" Docket 88. This Court denied Christians' motion for reversal. Docket 107.

## I.    Motion for Final Judgment (Docket 109)

The Court screened Christians' amended complaint under 28 U.S.C. § 1915A. Docket 24. Some of Christians' claims against some of the defendants were dismissed on screening. *Id.* at 23, 26, 27, 28, 30, 32, 33, 35, 37, 42, 44, 45, 47, 48, 49, 50, 51, 52, 54. Christians now moves for a "final judgment" on that portion of the screening order dismissing his claims against some of the

---

[1] Christians' notice of appeal includes a Declaration of Deposition stating that he deposited the notice of appeal in the institution's internal legal mail system on August 20, 2025. Docket 92 at 1.

[2] This Order, Docket 82, outlines in detail the relevant procedural history preceding the Rule 4(m) dismissal. Docket 82 at 3–4.

defendants, the Court's order denying Christians' objection to and request for reconsideration of the § 1915A screening order, and the Court's order dismissing his claims against the SDDOC defendants under Rule 4(m). Docket 109.

As the Court understands Christians' motion for final judgment, he relies on Rule 54(b), at least in part, as a basis for his motion. *See id* at 4.

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The United States Supreme Court has instructed that entry of final judgment under Rule 54(b) should not be routine. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). The threshold determination under Rule 54(b) is whether the order to be entered is a "final judgment." *Id.* at 7. Here, the dismissal of certain defendants and claims on screening and the dismissal of all but one of the surviving defendants under Rule 4(m) ultimately dispose of the claims and defendants, so the Court must consider whether there is any just reason to delay entering a final judgment in favor of these defendants on the dismissed claims. *Id.* at 8. A district court's conclusion regarding a Rule 54(b) certification is reviewed for its reasonability and "substantial deference" is paid to the decision of the district of court. *Id.* at 10.

3

The Eighth Circuit has identified five factors a district court should consider when deciding whether there is no just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Hayden v. McDonald*, 719 F.2d 266, 268–69 (8th Cir. 1983) (per curiam) (quoting *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). Additionally, the Eighth Circuit has cautioned that "[c]ertification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Id.* at 268 (quoting *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 183 (2d Cir. 1978)). Here, Christians has not demonstrated hardship or injustice through delay that would be alleviated by an immediate appeal of the dismissal of the claims and defendants that did not survive § 1915A screening or the dismissal of the SDDOC defendants under Rule 4(m). *See generally* Docket 109. Moreover, Christians does not discuss any of the *Hayden* factors, but this Court has considered the *Hayden* factors and concludes that they do not weigh in favor of a Rule 54(b) certification.

4

Christians cites 28 U.S.C. § 1292(a)(1) in support of his motion. Docket 109 at 3. 28 U.S.C. § 1292(a)(1) provides in relevant part that "the courts of appeals shall have jurisdiction of appeals from[] . . . [i]nterlocutory orders of the district courts of the United States[] . . . refusing . . . injunctions[.]" In this case, Christians has filed various motions seeking emergency and preliminary injunctive relief. *See* Dockets 8, 16, 18, 60, 72, 104. This Court denied Christians' motions seeking emergency and preliminary injunctive relief. *See* Docket 28 at 3–4; Docket 43 at 7–9; Docket 46 at 3–5; Docket 82 at 5; Docket 107 at 11. If Christians contends that any of this Court's orders denying his motions for emergency or preliminary injunctive relief are interlocutory orders over which the Eighth Circuit has jurisdiction, his remedy is to file a notice of appeal; no action by this Court is necessary to permit Christians to appeal from an interlocutory order pursuant to 28 U.S.C. § 1292(a)(1). It appears that Christians may contend that the Eighth Circuit erroneously dismissed the notice of appeal he filed for lack of jurisdiction. *See* Docket 109 at 5; *see also* Docket 111. But a district court does not have authority under Rule 54(b), 28 U.S.C. § 1292(a)(1), or any statute, rule, or applicable precedent to enter an order reversing a judgment of the Eighth Circuit holding that it does not have jurisdiction.

Christians also references the "narrow, judicially-created collateral order doctrine[.]" Docket 109 at 4 (quoting *Acton v. City of Columbia*, 436 F.3d 969, 973 n.2 (8th Cir. 2006)). The collateral order doctrine permits courts of appeal to exercise jurisdiction over interlocutory orders involving "decisions that are

5

conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment." *Reinholdson v. Minnesota*, 346 F.3d 847, 849 (8th Cir. 2003) (citations omitted). Whether a court of appeals has jurisdiction to consider an appeal from a district court's order under the collateral order doctrine is a decision that rests with the court of appeals, not the district court. *See, e.g., Collins ex rel. J.Y.C.C. v. Doe Run Res. Corp.*, 65 F.4th 370, 374 (8th Cir. 2023).

Finally, although Christians does not specifically reference 28 U.S.C. § 1292(b) in his motion, *see generally* Docket 109, to the extent Christians seeks a determination that any of the orders this Court has entered in this case "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of the litigation," his request is denied. The Court's orders outline the applicable legal authority supporting the Court's decisions, and this Court has not been asked to decide any question of law as to which there is a substantial ground for difference of opinion. Further, Christians' motion does not identify any question of law as to which there is a substantial ground for difference of opinion. *See generally* Docket 109. For these reasons, Christians' "Motion for Final Judgment On Dismissed Counts and Defendants of Complaint[,]" Docket 109, is denied. Christians' pending claims against Aramark must be resolved, whether by motion, jury verdict, or agreement of the parties, before he may appeal this Court's orders dismissing

<mark>some of his claims on screening and his claims against the SDDOC defendants under Rule 4(m).</mark>

## II.    Motion to Perpetuate Testimony Pending Appeal (Docket 112)

Christians moves for an order, pursuant to Federal Rule of Civil Procedure 27(b), permitting him to depose numerous witnesses. Docket 112. According to Christians' motion, he seeks leave to depose more than 70 witnesses in addition to 27 prisoners in the custody of the SDDOC as well as "a number of others." *Id.* at 5–11. In support of his motion, Christians contends that the testimony of these witnesses "would be lost if death, incompetency, incapacity, inability or other incapability should intervene" if the Eighth Circuit ultimately determines that additional claims and defendants should have survived screening and/or the Court erred when dismissing Christians' claims against the SDDOC under Rule 4(m). *Id.* at 4.

Federal Rule of Civil Procedure 27(b) provides that "[t]he court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Fed. R. Civ. P. 27(b)(1). Christians' Eighth Amendment conditions of confinement claim against Aramark survived § 1915A screening. Docket 24 at 59. Aramark completed and executed a Waiver of Service of Summons. *See* Docket 59 at 2. Aramark filed an answer, Docket 52, and the Court entered a Rule 16 Scheduling Order, Docket 83. The Rule 16 Scheduling Order provides that "[a]ll discovery, including expert discovery, must be commenced in time to be completed by

January 14, 2026." *Id.* ¶ 3 (emphasis in original omitted). The record does not indicate that Christians attempted to conduct any discovery prior to the expiration of the discovery deadline. Instead, more than a month after the expiration of the discovery deadline, Christians filed a motion seeking leave to conduct numerous depositions, including depositions of Aramark's representatives and employees, under Rule 27(b). *See* Docket 112 at 5. That Christians apparently made no effort to conduct any discovery prior to the discovery deadline causes the Court to question whether his motion to perpetuate testimony is, in fact, filed in good faith. Further, Christians states that the conditions of the witnesses he seeks to depose "is unknown as to their advanced age or health but it is reasonably believed that several are of an advanced age and are in ill health." *Id.* at 4. But Christians has not provided any specific, competent facts demonstrating that even one of the numerous witnesses he seeks to depose is elderly or in ill health.[3] In fact, according to the allegations in his amended complaint, many of the witnesses he seeks to depose are current employees of the SDDOC. *See* Docket 15 at 3–9; Docket 112 at 5–11.

"The issue of whether to allow for the taking of depositions pending appeal is within the discretion of the trial court. That discretion is properly exercised only if the movant shows . . . a specific need to preserve the

---

[3] Christians submitted an affidavit to support his motion. Docket 114. That affidavit avers that "[t]he reasons for perpetuation [of] this testimony are . . . Advanced age; Leaving the county [sic: country]; People die or get hit by busses [sic][.]" *Id.* ¶ 7. Christians' conclusory statements are insufficient to satisfy the requirements of Rule 27. *Workman v. U.S. Postal Serv.*, 127 F.4th 237, 244 (10th Cir. 2025) (citing cases).

testimony, and that a loss of the testimony would result in a failure of justice." *Ferri v. Berkowitz*, 293 F.R.D. 144, 146 (E.D.N.Y. 2013) (citation modified). Christians has not met his burden of demonstrating any specific need to preserve testimony or that loss of testimony would result in a failure of justice. "Rule 27(b) does not create a general right to take discovery pending appeal." *Id.* Thus, Christians' "Motion to Perpetuate Testimony Pending Appeal[,]" Docket 112, is denied.

Thus, it is ORDERED:

1.  That Christians' "Motion for Final Judgment On Dismissed Counts and Defendants of Complaint[,]" Docket 109, is denied.

2.  That Christians' "Motion to Perpetuate Testimony Pending Appeal[,]" Docket 112, is denied.

3.  That because there are no pending motions, the deadlines in the Scheduling Order, Docket 83, have expired, and the Eighth Circuit has dismissed Christians' notice of appeal for lack of jurisdiction, the parties are each directed to file a status report within **21 days** of the date of this order regarding Christians' pending claims against Aramark and whether the parties intend to go to trial.

Dated August 6, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

9